Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:  acaine@pszjlaw.com
        jnolan@pszjlaw.com

Attorneys for Defendant,
Shaman Bakshi

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 2:18-BK-14672-VZ |
| SHAMAN BAKSHI, | |
| Debtor. | |
| STEPHEN CHEIKES, an individual; and THE STORYTELLERS GROUP ENTERPRISES CO., a Canadian corporation, | Adv. No.: 2:18-ap-01235-VZ |
| | MOTION OF DEFENDANT SHAMAN BAKSHI TO COMPEL THE PRODUCTION OF DOCUMENTS AND FURTHER INTERROGATORY RESPONSES FROM PLAINTIFF STEPHEN CHEIKES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| Plaintiffs, | |
| v. | |
| SHAMAN BAKSHI, | |
| Defendant. | [Declaration of Jeffrey P. Nolan filed concurrently herewith] |
| | Hearing Date:<br>Date:  March 28, 2019<br>Time:  11:00 a.m.<br>Court: Courtroom 1368<br>       Roybal Federal Building<br>       255 E. Temple Street<br>       Los Angeles, CA  90012 |

Defendant, Shaman Bakshi ("Defendant"), respectfully submits the following Memorandum of Points and Authorities in Support of his Motion to Compel the Production of Documents and further Interrogatory Responses from Plaintiff, Stephen Cheikes ("Plaintiff"), seeking an order compelling Plaintiff to produce further written responses and documents.

**I.**

# INTRODUCTION

The Adversary Complaint makes extreme assertions such as alleging fraud, larceny, embezzlement, and conversion committed by Defendant, Shaman Bakshi. Now in the discovery phase, Plaintiff refuses to come forward with evidence to support his allegations. As disturbing, Plaintiff has initiated numerous suits around the world claiming each person involved in the financial transaction defrauded, embezzled or converted his funds. Plaintiff has recovered sums from other third parties. Yet, Plaintiff refuses to come forward with the facts and documents evidencing facts determined from investigation into the transaction or the settlements such that the evidence can be considered by this court.

The financial transaction at issue in the Complaint: Plaintiff contracted with Sabastian Anthonysamy (a resident of Singapore) to obtain a standby letter of credit ("SBLC") in the amount of 50 million euros issued by a financial institution, HSBC, which instrument would be held by a Panamanian Company, NACC, who would extend a 20 million euro line of credit to Plaintiff backed by the SBLC. Plaintiff would draw down 20 million euros on a non-recourse basis which sum would never be paid back to the financial institution. Plaintiff agreed to pay 300,000 euros into escrow and later released the sum to Sabastian Anthonysamy ("Anthonysamy") to facilitate the transaction. Ultimately, the SBLC was never issued. Plaintiff alleges that Richard Wlodarczsk and Defendant executed personal guarantees to indemnify him if the transaction failed. (Complaint, 12)

This Motion is predicated by Plaintiffs failure to produce pertinent documents, or more specifically to clarify they have no documents to support facts or issues *they affirmatively placed at issue* in the Complaint. The Motion is predicated on evasive or non-responsive answers to interrogatories that do not allow the proper debate of the issues in the discovery phase of the case such that the issues may be narrowed for presentation to the Court on motion or at trial. Counsel for Defendant met and conferred with Plaintiff and sought responsive answers. Plaintiff issued supplemental responses to some of the discovery, but both pleadings are still patently evasive.

The discovery dispute can be broken down into two distinct issues with respect to both sets of discovery sought to be compelled; (1) interrogatory and document responses which are evasive

DOCS_LA:319495.6 07977/001        2

and should be as straight-forward in response as the questions asked such that if there is no facts, or documents to support a driving contention, it can be determined in the response rather than by hiding the ball through a generic reference to go look at the documents in your possession, and/or the court records, and (2) Plaintiff's objection on relevance grounds as an excuse to respond to discovery. The claim that such facts and documents are not "not calculated to lead to the discovery of admissible evidence," is an obstructionist tactic. In a fraud case alleged to be non-dischargeable under 11 USC §523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6), even assuming arguendo a misrepresentation of fact, Plaintiff's reliance must be justifiable and the damages caused in fact caused by the tortious conduct. Who Plaintiff talked to or consulted, his interaction with other parties to the financial transaction, when he received documents and what he relied upon to invest is directly relevant to the elements of justifiable reliance, causation and damages.

Given the impending termination of discovery and the need for the proper documents in or to take depositions, Defendant seeks Court intervention.

## II.

## STATEMENT OF FACTS

A.  Special Interrogatories, Set One:

On December 18, 2018 Defendant propounded its First Set of Interrogatories to Plaintiff (the "Interrogatories"). [See Defendant's First Set of Interrogatories Propounded to Plaintiff attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "A"]

On January 28, 2019, Plaintiff responded to the Interrogatories. [See Plaintiff's Response to Defendant's First Set of Interrogatories attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "B"]

On February 6, 2019, Defendant sent correspondence to Plaintiff requesting supplemental responses to Interrogatories. [See February 6, 2019 correspondence attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "C"]

On February 13, 2019. Plaintiff provided Supplemental Responses to Interrogatories. [See Plaintiff's Response to Defendant's First Set of Interrogatories, dated February 13, 2019, attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "D"]. Plaintiff provided

DOCS_LA:319495.6 07977/001                        3

supplemental responses, #1, 2, 7 and 8. The responses provided were again uniformly evasive. Defendant seeks to compel responses to Special Interrogatories nos. 1-9.

On February 19, 2019. Plaintiff provided Supplemental Responses To Request for Admissions, Set One. [See Plaintiff's Supplemental Response to Defendant's Request for Admissions, attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "I"] Plaintiff denied Request for Admissions Nos. 3, 7, 8, 9, 11, 13, 16, 17 and 19. For each Request for Admission Plaintiff denied, Defendant sought the facts behind the denial as requested in Special Interrogatory #8 referenced above.

B.   Request for Production of Documents:

On December 18, 2018, Defendant propounded the Request for Production of Documents, Set One to Plaintiff (the "Request for Documents"). [See Defendant's First Set of Requests for Production of Documents Propounded to Plaintiffs attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "E"]

On February 5, 2019, Plaintiff responded to the Request for Documents. [See Plaintiff's Response to Defendant's First Set of Request for Production of Documents attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "F"]

On February 12, 2019, Defendant sent a meet and confer letter to Plaintiff requesting the additional responses and production of documents. [See February 12, 2019 correspondence attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "G"].

On February 19, 2019. Plaintiff provided Supplemental Responses To Request for Production of Documents, Set One. [See Plaintiff's Supplemental Response to Defendant's Request for Production of Documents, attached to the Declaration of J. Nolan filed concurrently herewith as Exhibit "H"] Plaintiff provided only two (2) supplemental responses clarifying they had no responsive documents, but as to the remaining responses, left the same evasive response. The supplemental responses are again uniformly evasive. Defendant seeks to compel Responses to Request for Production Nos. 2, 4, 5, 7, 10, 15, 17, 22, 24-29, 33, 35, and 40.

**III.**

**ARGUMENT**

The Federal Rules of Civil Procedure enable parties in litigation to request production of all relevant documents, including documents reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. §26(b), 34. The scope of discovery extends to any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. §26(b)(1). The information sought need not be admissible at the trial of the matter, only reasonably calculated to lead to the discovery of admissible evidence. *Id.*

> Any party may serve on any other party written interrogatories within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a). A party must respond to interrogatories by answer or objections; objections must clearly state the reason for the objection. Fed. R. Civ. P. 33(b). General or boilerplate objections are improper - especially when a party fails to submit any evidentiary declarations supporting such objections. A. *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A motion to compel may be granted if a party **provides an evasive or incomplete interrogatory response**. See Fed. R. Civ. P. 37(a)(3)(B)(iii), 37(a)(4). [Emphasis Added]

*Sandoval v. Lagoon Assocs., LLC*, 2016 U.S. Dist. LEXIS 41473, pg. 2-3 (C.D. Cal. 2005).

Defendant served nine (9) interrogatories which ask for the basic facts Plaintiff placed at issue in the Complaint. Plaintiff alleges tortious acts by Defendant, but refuses to make disclosures about the alleged acts. Plaintiff responded in an evasive and noncommittal manner misconstruing many of the question in order to evade or limit the response.

**A.** **Plaintiff's Evasive Responses To Interrogatories:**

Interrogatories Nos. 1-6 seek the facts, witnesses and documents that support allegations made by Plaintiff in the Complaint. The Complaint alleges that Defendant made misrepresentations to Plaintiff as to prior deals, investors and relationships to garner his reliance.

Interrogatory 1 claims Defendant disclosed "several of these transactions with other investors". (Complaint, §10) What are the disclosed transactions? Interrogatory No. 2: Plaintiff claims Defendant disclosed he had closed several similar transactions with the escrow company, Commercial Escrow Services? (Complaint, §11) What are the disclosed transactions? Interrogatory No. 3: Plaintiff claims "Defendant prepared written agreements outlining and providing for each step of the transaction". (Complaint, §12) What are the written agreements and when did he receive

them? <u>Interrogatory Nos. 4, 5, 6</u> seeks the facts, witness and documents to support the contention that Defendant committed larceny and converted €300,000 for his own personal use. (Complaint, §28) Rather than answering the straight-forward question, Plaintiff directs Defendant to look through his document production for the answer. Defendant has looked through the document production and since there is no document to support such contention, the response is evasive and oppressive seeking only to confuse and obstruct. (See Declaration of J. Nolan, ¶6).

<u>Interrogatory No. 7</u> sought to determine the Plaintiff's background, experience, and sophistication to claim he was misled or relied on alleged misrepresentations in the present case. Defendant asked for prior litigation in which Plaintiff was a named party for a limited time frame. Prior litigation is a public matter not subject to privilege. Plaintiff refused to answer the questions, and after being pressed to respond, disclosed other lawsuits but as limited to "the financial transaction" only. The answer is evasive.

<u>Interrogatory No. 8</u> asked Plaintiff that for each response to Request for Admissions ("RFA") that was not an unequivocal admission, please set forth the fact(s) to support the denial. Plaintiff denied Requests Nos. 3, 7, 8, 11, 13, 16, 17 and 19. (See Exhibit "I" attached to the Declaration of J. Nolan filed concurrently herewith). Plaintiff provided the same generic response to each denial directing Defendant to the 200 pages of documents produced in response to the Plaintiff's production of documents to evidence the facts for the basis for the denial. (See Exhibit "B", Response #8). Plaintiff did not reference a documents or sub-group of documents. RFA Nos. 3, 7, and 8 sought facts behind Plaintiff's structuring of the transaction with Anthonysamy and others. RFA Nos. 13, 16, 17 and 19 sought facts behind the documents Plaintiff executed with others to the financial transaction. Plaintiff has denied each RFA but refused to provide a response other than a generic reference to go look at the documents.

**B.** **Plaintiff's Objections That Defendant Has The Documents or Information in its Possession is Improper:**

> A party may not refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party. Or, that it can be gleaned from other pleadings. Davidson v. Goord. (WD NY, 2003) 2215 FRD 73, 77.

As to each and every Response to the Document Production, Plaintiff states:

DOCS_LA:319495.6 07977/001                                6

> "Some documents responsive to this request are already in Propounding Party's possession, are a matter of public record, and/or are equally available and accessible to Propounding Party. To the extent the documents responsive to this request are not already in Propounding Party's possession, and/or a matter of public record, responding party will produce, relevant responsive, non-privileged documents in its possession custody or control."

The boilerplate response is improper and evasive. Generically referencing counsel to search his own files to support Plaintiff's charging contentions are improper. The responses should be amended to remove this reference.

The refusal to produce any documents based on a claim the request is not likely to lead to the discovery of admissible evidence, especially as reflected by a single generic response, is improper. The response during the course of discovery is inappropriate and represents a "hide the ball" mentality. *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190-191 (D.D.C) Each response that refuses to produce documents based on the assertion the Request is not reasonably calculated to lead to the discovery of admissible evidence is improper. The discovery of facts and communications surrounding the financial transaction Plaintiff placed at issued in the Complaint is directly relevant to establishing the underlying facts surrounding the transaction. Responses refusing to respond to the question should be compelled or the related allegation in the Complaint stricken.

The defective Responses to Request to Produce can be summarized as follows:

Document Production Nos. 2, 17, 21 (See Exhibit "E" attached to the Declaration of J. Nolan filed concurrently herewith) ("Anthonysamy): Defendant sought documents to support Plaintiff's claim the Defendant represented he had a relationship with Sebastian Anthonysamy (#2), or actually had prior dealings with Anthonysamy (#17). Since it is undisputed Plaintiff met the Defendant on only one occasion in October 2010, and Plaintiff has already sworn under penalty of perjury before one federal court judge he didn't know of Anthonysamy until months later in February 2011, the contention seems implausible. (See Reporter's Transcript of Proceeding, pp. 293-294, attached to the Declaration of J. Nolan filed concurrently herewith as Ex J) Documents responsive to the request are relevant to the issue of whether the allegations in the Complaint are credible. If Plaintiff has no documents to support the contention, the response should state as much. However, no responsive documents were produced. (See Declaration of J. Nolan, ¶3) Defendant also sought documents evidencing Plaintiff's investigation or pursuit of Anthonysamy for the wrongful acts

alleged in the Complaint. (#21)  The documents would provide facts regarding the underlying transaction, and Plaintiff's interaction with Anthonysamy, as well as others.  Plaintiff refused to produce any documents, including any sums recovered from Anthonysamy as the facts are not claimed to be "relevant".  The objection is without merit.

<u>Document Production No. 4</u> (Hardstone):   Defendant sought documents to support Plaintiff's claim the Defendant represented he had substantial dealings with Toni Hardstone, the escrow officer (#4).  (Complaint, ¶11)  If Plaintiff has no documents to support a response, the response should state as much.  However, no responsive documents were produced and the response is evasive as to if any documents are being produced. (See Declaration. of J. Nolan, ¶4)

<u>Document Production #5, 22</u> (Russell):  Defendant sought documents to support Plaintiff's claim the Defendant represented he had a prior relationship with Brad Russell, another player involved in the transaction. (#5)  Plaintiff does not state if documents will be produced which is evasive, but references Defendant to look through the document production for any responsive documents.  If Plaintiff has no documents to support a response, the response should state as much. Defendant also sought documents evidencing Plaintiff's investigation or pursuit of Russell for the wrongful acts alleged in the Complaint. (#21)  The documents would provide facts regarding the underlying transaction, and Plaintiff's interaction with Russell, as well as others.  Plaintiff refused to produce any documents, including any sums recovered from Russell as the facts are not claimed to be "relevant".  The objection is without merit.

<u>Document Production Nos. 7, 10, 15</u> (NACC):  Defendant sought documents to support Plaintiff's claim the Defendant represented he had a prior relationship with NACC, another player involved in the transaction. (Complaint, ¶9)  Plaintiff also asked for documents to support Plaintiff's claim NACC held substantial lines of credit with the bank (#10) and documents Plaintiff claimed the Defendant gave him with respect to the involvement of NACC (#15).  Plaintiff does not state if documents will be produced or not which is evasive, but references Defendant to look through the document production for any responsive documents.

<u>Document Production #24, 25</u> (Francis):  Defendant sought documents to support Plaintiff's claim the Defendant represented he had a prior relationship with Francis, another player involved in

the transaction. (Complaint, ¶9) Plaintiff does not state if documents will be produced or not which is evasive, but references Defendant to look through the document production for any responsive documents (#24). If Plaintiff has no documents to support a response, the response should state as much. Defendant also sought documents evidencing Plaintiff's investigation or pursuit of Francis for the wrongful acts alleged in the Complaint (#25) The documents would provide facts regarding the underlying transaction, and Plaintiff's interaction with Francis, as well as others. Plaintiff refused to respond under the objection under "relevance". The objection is without merit.

<u>Document Production Nos. 26, 27, 35</u> (Clive Ashworth): Clive Ashworth was a business associate of the Plaintiff and there is a suggestion he invested 150,000 euros of the sum alleged stolen in the Complaint. There are no documents in the production with respect to the issue of sums contributed in the financial transaction though Plaintiff claims all documents will be produced in responses #26 and #35. (See Declaration. of J. Nolan, ¶5) Defendant specifically asked for documents evidencing the Plaintiff contributed the sums to escrow (#35). The lack of documents provided to support a charging allegation is befuddling. Plaintiff does not state if documents will be produced or not which is evasive, but references Defendant to look through the document production for any responsive documents.

<u>Document Production #28, 29</u> (Garry Jamieson): Garry Jamieson was a business consultant of the Plaintiff who advised Plaintiff on the subject transaction. A single email was produced from Gary Jamieson. Defendant sought documents evidencing Plaintiff's involvement in the transaction as well as pursuit of other Standby Letters of Credit with Mr. Jamieson. The documents would provide facts regarding the subject transaction, Plaintiff's sophistication, whether Plaintiff relied on Jamieson's advice rather than any claimed act of Defendant. Plaintiff refused to produce any documents exchanged with Jamieson on other transactions involving a stand by letter of credit, claiming such facts are not "relevant". (See Exhibit "H", #29) The objection is without merit.

<u>Document Production #33</u> (Defendant, Shaman Bakshi): Plaintiff claims the Defendant received some of the monies released from escrow. Plaintiff alleges the Defendant committed larceny and embezzlement. (Complaint, ¶59) There are no documents in the production with respect to the issue of sums received or transferred to the Defendant. (See Declaration of J. Nolan,

¶6) Plaintiff does not state if documents will be produced or not which is evasive, but references Defendant to look through the document production for any responsive documents. The response is evasive.

<u>Document Production #40</u> (Distribution of Proceeds and Personal Guarantee Agreement): The bait and switch is evident in the response to this Request. Plaintiff alleges that Defendant signed a Distribution of Proceeds and Personal Guarantee Agreement explicitly shifting all risk for the "transaction" to the Defendant. (Complaint, ¶30) Defendant contends he did not execute such a document and Defendant sought the original document with his original signature. While copies of documents are provided, there are no originals of documents in the production including wet signatures. (See Declaration. of J. Nolan, ¶7)

Overall, the Plaintiff's written discovery responses are evasive and the refusal to produce documents without merit.

## IV.

## **CONCLUSION**

For all of the reasons set forth herein, the Court should issue its Order:

1. Granting this Motion;

2. Compelling the Plaintiff to produce documents;

3 Compelling the Plaintiff to further respond to Defendant's Interrogatories; and

4. Granting such other relief as is just and proper.

Dated:    February 27, 2019                    PACHULSKI STANG ZIEHL& JONES LLP

By    */s/ Jeffrey P. Nolan*
      Jeffrey P. Nolan (CA Bar No. 158923)
      10100 Santa Monica Blvd., 13th Floor
      Los Angeles, California  90067-4100
      Telephone: 310/277-6910
      Facsimile:  310/201-0760

      *Attorneys for Defendant*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd, 13th Fl., Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **MOTION OF DEFENDANT SHAMAN BAKSHI TO COMPEL THE PRODUCTION OF DOCUMENTS AND FURTHER INTERROGATORY RESPONSES FROM PLAINTIFF STEPHEN CHEIKES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* February 27, 2019.  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Brad D Krasnoff (TR)    BDKTrustee@dgdk.com, bkrasnoff@ecf.epiqsystems.com;DanningGill@gmail.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Amtoj S Randhawa    Amtoj.Randhawa@ndlf.com, audrey.evans@ndlf.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 27, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)
February 27, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**
Honorable Vincent Zurzolo
United States Bankruptcy Court
255 E. Temple Street
Suite 1360/Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2019 | Rolanda Mori | */s/ Rolanda Mori* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |