NEWMEYER & DILLION LLP
J. NATHAN OWENS, CBN 198546
AMTOJ S. RANDHAWA, CBN 301360
895 Dove St., Fifth Floor
Newport Beach, California 92660
(949) 854-7000 / (949) 854-7099 (Fax)
Nathan.Owens@ndlf.com
Amtoj.Randhawa@ndlf.com

Attorneys for Plaintiffs
STEPHEN CHEIKES, an individual; and
THE STORYTELLERS GROUP
ENTERPRISES CO., a Canadian corporation

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SHAMAN BAKSHI,<br><br>Debtor.<br><br>STEPHEN CHEIKES, an individual; and THE STORYTELLERS GROUP ENTERPRISES CO., a Canadian corporation;<br><br>Plaintiffs,<br><br>v.<br><br>SHAMAN BAKSHI,<br><br>Defendant. | CASE NO.: 2:18-BK-14672-VZ<br>AP CASE NO.: 2:18-AP-01235-VZ<br>JUDGE: Vincent P. Zurzolo<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>*[[PROPOSED] Order Extending Discovery Deadlines filed concurrently herewith]*<br><br>**[FIRST REQUEST]** |

Plaintiffs Stephen Cheikes and The Storytellers Group Enterprises Co. (collectively "Plaintiffs") and Defendant Shaman Bakshi ("Defendant"), by and through their respective counsel of record, do hereby stipulate to and request the Court's approval to extend certain discovery deadlines 60 days but which request would not

2518.102 / 8099689.1

DOCS_LA:320377.3 07977/001

impact any hearing dates or the Pretrial Conference in the present adversary.

**FACTUAL RECITAL**

1. This matter involves an adversary complaint for nondischaregability of debt pursuant to 11 U.S.C §523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

2. The parties appeared at the November 15, 2018 status conference. On December 7, 2018, the Court entered a Scheduling Order (the "Scheduling Order") in the above referenced adversary proceeding. (Adversary Proceeding Docket no., 15)

3. The Scheduling Order set the following upcoming deadlines and dates:
   - April 15, 2019- Fact Discovery and submission of expert reports cut-off
   - September 6, 2018 - Pretrial motions (except motions in *limine*) shall be heard before this date.
   - October 24, 2018 at 9:00 a.m – Pretrial Conference.

4. The Parties have served their respective FRCP 26(a) disclosures. Plaintiffs have served Defendant with multiple sets of written discovery and Defendant has served responses thereto. Defendant has served Plaintiffs with multiple sets of written discovery and Plaintiffs have served responses thereto. Three subpoenas have been issued seeking exclusively documents.

5. The parties recently reached compromises with respect to Plaintiffs' subpoenas to JP Morgan Chase and Google, Inc. As a result, Defendant's Motion to Quash was withdrawn (*see* ECF 29), and Plaintiffs will be reissuing revised subpoenas pursuant to the parties' agreement. The parties recently reached compromises with respect to Defendant's subpoena to Google, Inc. As a result, Defendant will be reissuing a revised subpoena pursuant to the parties' agreement. It is expected that at least 30 days will be necessary for the third party vendor to comply with the subpoena.

6. The parties aver that good cause exists for the requested extension because the parties have diligently been working to resolve multiple discovery disputes amicably. The parties have been working diligently to complete discovery within the time frames of the scheduling order. The parties have been attempting to locate the core group of documents for a financial transaction taking place in March 2011, which has raised numerous issues with document retention. The parties have sought documents prior to initiating any depositions of Plaintiff or Defendant.

7. The Parties request a brief extension of the above-mentioned discovery deadlines 60 days and without impacting the Pre-Trial conference, unless the Court deems moving the Pre-trial Conference just and proper. None of the discovery dates sought to be extended set under the Scheduling Order have expired and the parties continue to work in an expeditious fashion to narrow the disputed facts and legal issues for trial. The purpose of the request for the extension is not due to any improper purpose or delay.

### **Relief Requested**

The parties propose the following amendments to the Court's Scheduling Order (ECF 15):

- All discovery must be completed by **June 15, 2019**, including receipt of written responses to discovery requests, and filing of all expert reports and supporting declarations;
- The last date for pre-trial motion to be heard is **October 6, 2019** except for a motion to approve a settlement or a motion to exclude evidence at trial; and
- A Pre-Trial Conference is set for **November 14, 2019** at 11:00 a.m.

If this extension is granted, all anticipated additional discovery should be concluded within the stipulated extended deadline.

///

///

## ARGUMENT

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides in pertinent part that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ...." This rule applies to the request for an extension of the deadlines for completion of discovery. *See, e.g., The Arkansas Bank v. Burrow (In re Burrow),* 141 B.R. 665, 666 (Bankr. E.D. Ark. 1992). A party seeking an extension of the deadlines for discovery should be granted an extension if they show that discovery could not be completed within the time alloted, even though the party seeking the extension proceeded in a timely and diligent manner. "A court may modify a scheduling order 'upon a showing of good cause.' *In Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). *See In re Duarte*, 146 B.R. 958, 960 (WD BC, 1992). Rule 9006(b) permits the court to extend deadlines, for cause shown. It even permits relief from a deadline after the fact if the failure to act was the result of excusable neglect.

In the present case, the parties have exchanged multiple sets of written discovery and documents. Given the age of the underlying financial transaction, the parties have sought documents from various third parties. The documents sought raise concerns with regards to privacy and personal information of the parties. The parties counsel are working through various discovery disputes without unnecessarily exposing sensitive financial or personal information of parties as well as desire to have the documents from third parties prior to depositions. The request for the 60 day extension of fact discovery and 30 day enlargement of pre-trial motions, would not impact the date the Court set for a Pre-Trial Conference. The request for relief is the first request to enlarge any dates under the Scheduling Order.

1 | The parties aver that this request for extension of discovery deadlines is made by
2 | the parties in good faith and not for the purpose of delay.
3 |
4 | DATED this 20th day of March, 2019.   DATED this 20th day of March, 2019.
5 |
6 | */s/ Amtoj S. Randhawa*   */s/ Jeffrey Nolan*
Amtoj S. Randhawa, Esq   Jeffrey P. Nolan, Esq.
7 | Newmeyer & Dillion, LLP   Pachulski Stang Ziehl & Jones LLP
8 | 895 Dove St., Fifth Floor   10100 Santa Monica Blvd., 13th Floor
Newport Beach, CA 92660   Los Angeles, CA 90067
9 | *Attorneys for Plaintiffs*   *Attorneys for Defendant*

NEWMEYER & DILLION LLP