

NEWMEYER & DILLION LLP
J. NATHAN OWENS, CBN 198546
AMTOJ S. RANDHAWA, CBN 301360
895 Dove St., Fifth Floor
Newport Beach, California 92660
(949) 854-7000 / (949) 854-7099 (Fax)
Nathan.Owens@ndlf.com
Amtoj.Randhawa@ndlf.com

Attorneys for Plaintiffs
STEPHEN CHEIKES, an individual; and THE
STORYTELLERS GROUP ENTERPRISES CO., a
Canadian corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SHAMAN BAKSHI,<br><br>Debtor.<br><br>STEPHEN CHEIKES, an individual; and THE STORYTELLERS GROUP ENTERPRISES CO., a Canadian corporation;<br><br>Plaintiffs,<br><br>v.<br><br>SHAMAN BAKSHI,<br><br>Defendant. | BK. CASE NO.:   2:18-BK-14672-VZ<br>ADV. CASE NO.:  2:18-AP-01235-VZ<br>JUDGE:          Hon. Vincent P. Zurzolo<br><br>**AMENDED PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF SOLELY AS TO SUBSITUTE EXPERT FOR DECEASED EXPERT**<br><br>Date:   November 15, 2022<br>Time:  10:00 a.m.<br>Place:  Courtroom 1368<br>         Roybal Federal Building<br>         255 E. Temple St.<br>         Los Angeles, CA 90012 |

## PRE-TRIAL STIPULATION

Stephen Cheikes, an individual, and The Storytellers Group Enterprises Co., a Canadian Corporation, plaintiffs in this adversary proceeding ("Plaintiff"[1]) and Shaman Bakshi, defendant in this adversary proceeding ("Defendant") submit the following Pre-Trial Stipulation through

---

[1] Because Mr. Cheikes is the sole owner and member of The Storytellers Group Enterprises Co., both plaintiffs shall collectively be referred to as "Plaintiff."

1  their respective counsel solely to remove references to the deceased expert Frank Hicks, and
2  replace with Beth Chrisman.
3      Specifically, both Plaintiff and Defendant's amend their Exhibit Lists and Defendant
4  designates Beth Chrisman in his Witness List the place of Frank Hicks, and lodges her expert
5  report and deposition transcript:
6      Amended Appendix 1; (Plaintiff) Exhibit #46, and
7      Amended Appendix 2 ;(Defendant)  Exhibit "OO",
8      Amended Appendix 4: (Defendant's witness description),

9                        **STIPULATION**

10     The foregoing admissions have been made by the parties and supersede the witness list
11 and exhibit list in this adversary proceeding, unless modified to prevent manifest injustice.
12 / / /
13 / / /
14 / / /
15 / / /
16 **IT IS SO STIPULATED.**

17 Dated:  October 28, 2022            NEWMEYER & DILLION LLP

19                                           By: _____
20                                         Attorneys for Plaintiffs
21                                         Nathan Owens
                                        STEPHEN CHEIKES, an individual; and
22                                         THE STORYTELLERS GROUP
                                        ENTERPRISES CO., a Canadian
                                        corporation

24 Dated:  October 28, 2022            PACHULSKI STANG ZIEHL & JONES LLP

26                                         By: _____
                                        Jeffrey P. Nolan
27                                         Attorneys for Defendant
                                        SHAMAN BAKSHI
28



**AMENDED APPENDIX 1**

**(PLAINTIFFS' EXHIBITS)**

Plaintiff OFFERS:

- Exhibit #1: E-mail Correspondence Dated October 13, 2010 (CHEIKES00243);
- Exhibit #2: E-mail Correspondence Dated October 14, 2010 (BAK-CHEIK 000589 - 00591);
- Exhibit #3: E-mail Correspondence Dated October 28, 2010 (CHEIKES00197);
- Exhibit #4: E-mail Correspondence Dated November 1, 2010 (BAK-CHEIK-0215);
- Exhibit #5: E-mail Correspondence Dated January 12, 2011 (BAK-CHEIK-0218);
- Exhibit #6: E-mail Correspondence Dated February 15, 2011 (CHEIKES00001-CHEIKES00006);
- Exhibit #7: E-mail Correspondence Dated February 16, 2011 (CHEIKES00007-CHEIKES00008);
- Exhibit #8: E-mail Correspondence Dated February 18, 2011 (CHEIKES00009-CHEIKES00010);
- Exhibit #9: Bakshi First Guarantee Dated February 23, 2011 (CHEIKES00140-CHEIKES00142);
- Exhibit #10: E-mail Correspondence Dated February 23, 2011 (BAK-CHEIK 000632);
- Exhibit #11: E-mail Correspondence Dated February 23, 2011 (CHEIKES00012);
- Exhibit #12: E-mail Correspondence Dated February 24, 2011 (CHEIKES00205);
- Exhibit #13: E-mail Correspondence Dated February 24, 2011 (CHEIKES00017);
- Exhibit #14: E-mail Correspondence Dated February 24, 2011 (CHEIKES00015-CHEIKES00016);
- Exhibit #15: E-mail Correspondence Dated February 26, 2011 (CHEIKES00021);
- Exhibit #16: E-mail Correspondence Dated February 27, 2011 (CHEIKES00144-CHEIKES00145);

1  • Exhibit #17: E-mail Correspondence Dated March 1, 2011 (CHEIKES00028);

2  • Exhibit #18: E-mail Correspondence Dated March 9, 2011 (CHEIKES00033-

3  CHEIKES00035);

4  • Exhibit #19: E-mail Correspondence Dated March 10, 2011 (CHEIKES00403);

5  • Exhibit #20: "Agreement to Facilitate Loan Transaction" dated March 11, 2011

6  (CHEIKES00209-CHEIKES00211);

7  • Exhibit #21: E-mail Correspondence Dated March 10, 2011 (BAK-

8  CHEIK000661,CHEIKES00426-CHEIKES00427);

9  • Exhibit #22: "HSBC BANK (UK) STANDBY LETTER OF CREDIT ISSUANCE

10  AGREEMENT" dated March 10, 2011 (BAK-CHEIK00815-BAK-CHEIK00824);

11  • Exhibit #23: E-mail Correspondence Dated March 12, 2011 (CHEIKES00194-

12  CHEOLES00195);

13  • Exhibit #24: E-mail Correspondence Dated March 12, 2011 (BAK-CHEIK 0006067);

14  • Exhibit #25: E-mail Correspondence Dated March 16, 2011 (BAK-CHEIK 000646-BAK-

15  CHEIK 000647);

16  • Exhibit #26: Bakshi Notarized Confirmation of Credit Facility Dated March 17, 2011

17  (BAK-CHEIK 000791-BAK CHEIK 000792);

18  • Exhibit #27: Fade to Black Entertainment, LLC Confirmation of Credit Line/Facility

19  dated March 17, 2011 (BAK-CHEIK 000805-BAKCHEIK 00806);

20  • Exhibit #28: E-mail Correspondence Dated April 5, 2011 (CHEIKES00039);

21  • Exhibit #29: E-mail Correspondence Dated April 5, 2011  (CHEIKES00213);

22  • Exhibit #30: E-mail Correspondence Dated April 12, 2011 (CHEIKES00044);

23  • Exhibit #31: E-mail Correspondence Dated April 18, 2011 (BAK-CHEIK 000634-BAK-

24  CHEIK 000635);

25  • Exhibit #32: E-mail Correspondence Dated April 29, 2011 (BAK-CHEIK 00639);

26  • Exhibit #33: E-mail Correspondence Dated May 6, 2011 (BAK-CHEIK 000608);

27  • Exhibit #34: E-mail Correspondence Dated May 11, 2011 (CHEIKES00051);

28  • Exhibit #35: E-mail Correspondence Dated June 20, 2011 (BAK-CHEIK 000653);

- Exhibit #36: E-mail Correspondence Dated October 31, 2012 (CHEIKES00129);
- Exhibit #37: E-mail Correspondence Dated November 10, 2013 (BAK-CHEIK 000678-BAK CHEIK 000681);
- Exhibit #38: E-mail Correspondence Dated January 21, 2013 (BAK-CHEIK 0282-BAK-CHEIK 0284);
- Exhibit #39: E-mail Correspondence Dated January 29, 2013 (BAK-CHEIK 0285-BAK-CHEIK 0288);
- Exhibit #40: E-mail Correspondence Dated November 21, 2013 (BAK-CHEIK 0299);
- Exhibit #41: E-mail Correspondence Dated November 21, 2013 (BAK-CHEIK 0300);
- Exhibit #42: E-mail Correspondence Dated January 9, 2014 (BAK-CHEIK 0304);
- Exhibit #43: E-mail Correspondence Dated March 24, 2015 (CHEIKES00114);
- Exhibit #44: E-mail Correspondence Dated March 9, 2016 (BAK-CHEIK 0397-BAK-CHEIK 0399);
- Exhibit #45: E-mail Correspondence Dated March 22, 2017 (CHEIKES00133);
- Exhibit #46: Deposition Transcript of ~~Frank A. Hicks~~ Beth Chrisman with exhibits (original copy to be lodged in accordance with L.B.R. 7030-1(b));
- Exhibit #47: Deposition Transcript of Defendant Shaman Bakshi with exhibits (original copy to be lodged in accordance with L.B.R. 7030-1(b));
- Exhibit #48: Deposition Transcript of Richard Charles Wlodarczyk, III, with exhibits, in United States Bankruptcy Court, Southern District; Adversary #17-90123; Case # 17-01567-CL (original copy to be lodged in accordance with L.B.R. 7030-1(b))[2];
- Exhibit #49: Plaintiffs' Complaint in Orange County Superior Court Case No. 30-2013-00637770-CU-BC-CJC;
- Exhibit #50: Default Judgment against Defendant in Orange County Superior Court Case No. 30-2013-00637770-CU-BC-CJC;
- Exhibit #51: Order on Defendant's Motion to Set Aside Default Judgment in Orange

---

[2] To be used pursuant to Federal Rule of Bankruptcy Procedure 7032 and F.R.Civ.P 32(a)(2).

County Superior Court Case No. 30-2013-00637770-CU-BC-CJC.

## **APPENDIX 2**

## **(DEFENDANT'S EXHIBITS)**

Defendant OFFERS:

- Exhibit A:   Commercial Escrow Services, Inc. BAK-CHEIK 0001-005
- Exhibit B:   HSBC Bank Standby Letter of Credit Agreement, CHEIKES 00274-00281
- Exhibit C:   Irrevocable Pay Order and Master Fee Protection Agreement, BAK-CHEIK 0019-22
- Exhibit D:   Pay Order Request, BAK-CHEIK 0017-0018
- Exhibit E:   NACC Letter authored by Stanley Johnson, BAK-CHEIK 0014
- Exhibit F:   Emails dated March 1, 2011, BAK-CHEIK, 000716-717
- Exhibit G:   Letter dated March 1, 2011 authored by Rik Wlodarczyk, CHEIKES00136
- Exhibit H:   Outgoing Wire Transfer Request, BAK-CHEIK 000645
- Exhibit I:   Letter dated February 27, 2011, CHEIKES 00144-145
- Exhibit J:   Email dated July 13, 2011, authored by Stephen Cheikes, CHEIKES00390 00391
- Exhibit K:   Email dated April 5, 2011, authored by Stephen Cheikes
- Exhibit L:   Emails dated April 29, 2011, CHEIKES 00372-376
- Exhibit M:   Email dated May 3, 2011, authored by Stephen Cheikes, BAK-CHEIK 000642
- Exhibit N:   Email dated May 4, 2011, authored by Stephen Cheikes, BAK-CHEIK 000619
- Exhibit O:   Golden Creek Energy Web page
- Exhibit P:   NACC Irrevocable International Indemnity & Disclaimer authored by Stanley Johnson, CHEIKES00396
- Exhibit Q:   NACC Letter dated February 23, 2011, authored by James Wells, CHEIKES00397





1. • Exhibit R: Irrevocable International Indemnity & Disclaimer (On Company Letterhead) to Stephen Cheikes
2. • Exhibit S: Agreement to Facilitate Loan Transaction, CHEIKES 00209-00211
3. • Exhibit T: Deposition of Stephen Cheikes (original copy to be lodged in accordance with L.B.R. 7030-1(b));
4. • Exhibit U: Deposition Transcript of Antoinette Hardstone (original copy to be lodged in accordance with L.B.R. 7030-1(b));
5. • Exhibit V: Declaration of Stephen Cheikes in Support for Motion for Partial Summary Judgment dated April 12, 2018
6. • Exhibit W: Declaration of Stephen Cheikes Dated January 7, 2015 (Cheikes v. Bakshi LASC No. 30-2013-00637770)
7. • Exhibit X: Defendant's First Set of Requests for Admission Propounded to Plaintiff
8. • Exhibit Y: Plaintiff's Response to Defendant's First Set of Request for Admissions
9. • Exhibit Z: Plaintiff's Supplemental Response to Defendant's First Set of Request for Admissions
10. • Exhibit AA: Letter dated April 5, 2011, authored by Shaman Bakshi, CHEIKES00213
11. • Exhibit BB: Letter dated April 5, 2011, authored by Stephen Cheikes, CHEIKES00212
12. • Exhibit CC: Email dated April 22, 2011, CHEIKES00214-215
13. • Exhibit DD: Defendant's First Set of Request for Production of Documents Propounded to Plaintiff
14. • Exhibit EE: Plaintiff's Response to Defendant's First Set of Request for Production of Documents dated February 5, 2019
15. • Exhibit FF: Plaintiff's Supplemental Response to Defendant's First Set of Request for Production of Documents dated February 19, 2019
16. • Exhibit GG: Plaintiff's [Second] Set of Supplemental Response to Defendant's First Set of Request for Production of Documents dated March 14, 2019.
17. • Exhibit HH: Defendant's Second Set of Requests for Production of Documents Propounded to Plaintiff

- Exhibit II: Defendant's Third Set of Requests for Production of Documents Propounded to Plaintiffs
- Exhibit JJ: Plaintiff's Response to Defendant's Requests for Production of Documents, Set Three dated June 10, 2019.
- Exhibit KK: Plaintiff's Response to Defendant's Requests for Production of Documents, Set Three dated July 10, 2019.
- Exhibit LL: Defendant's First Set of Interrogatories Propounded to Plaintiffs
- Exhibit MM: Plaintiff's Response to Defendant's First Set of Interrogatories
- Exhibit NN: Plaintiff's [First] Set of Supplemental Response to Defendant's First Set of Interrogatories
- Exhibit OO: Expert Report of ~~Frank Hicks~~ Beth Chrisman.
- Exhibit PP: Distribution of Proceeds and Personal Guarantee Agreement dated February 23, 2011.
- Exhibit QQ: Petition For Dissolution of Marriage; Case No. 12D006662, Superior Court County of Orange
- Exhibit RR: Judgment Made in Chambers, In The High Court of The Republic Of Singapore
- Exhibit SS: Declaration of Stephen Cheikes filed on January 9, 2015.
- Exhibit TT: Reporter's Transcript of Proceeding, Vols. 1 and 2, September 6-7, 2018, United States Bankruptcy Court, Southern District; Adversary #17-90123; Case # 17-01567-CL (certified copies to be lodged prior to trial pursuant to Local Bankruptcy Rules).



## APPENDIX 3

## (PLAINTIFFS' WITNESSES)

1. **Plaintiff Stephen Cheikes** – Plaintiff will testify regarding the facts and circumstances surrounding the allegations in the Complaint, his involvement in the Transaction, his communications with Defendant Shaman Bakshi, and his communications with Mr. Wlodarczyk.

   Estimated Direct:           3.0 hours

   Estimated Cross-examination:   1.5 hours

2. **Richard Charles Wlodarczyk, III** – Mr. Wlodarczyk will testify:

   a. He was introduced to Plaintiff by Defendant.

   b. He was a principal in the Transaction that Defendant was asking Plaintiff to invest in.

   c. That Defendant was involved in the Transaction as a principal and Defendant was the main point of contact with Plaintiff.

   d. His communications with Defendant during the negotiations of the Transaction.

   e. That none of the parties to Transaction compromised Defendant's computer, email or impersonated Defendant to Plaintiff.

   f. His communications with Defendant in the months following the failure of the Transaction and Plaintiff's demand to be repaid the €300,000.

   g. His communications with Defendant in the years following the failed Transaction and their efforts to repay Plaintiff.

   Estimated Direct:           1.5 – 2.0 hours

   Estimated Cross-Examination:   1.0 hour

3. **Defendant Shaman Bakshi** – The Defendant will be cross-examined and/or called on direct examination as to his background and experience, the facts and circumstances surrounding the allegations alleged in Plaintiff's Complaint with respect to the

Transaction, his communications with Plaintiff, communications with the other principals in the Transaction, and his communications with Plaintiff and others, including Jon Orban, after the Transaction fell apart and Defendant was trying to repay Plaintiff the €300,000.

    Estimated Direct:    2.0 hours

    Estimated Cross-examination:    2.0 hours

4. **Antoinette ("Toni") Hardstone** – Ms. Hardstone was the escrow officer at Commercial Escrow Services, Inc. that handled the Transaction. Plaintiff intends to call Ms. Hardstone to testify regarding her involvement in the Transaction, her communications with the principals in the Transaction, and the Transaction-related documents.

    Estimated Direct:    60 mins

    Estimated Cross-examination:    30 - 45 mins

5. **Jon Orban** – Mr. Orban will testify:

    a. He is a former special forces military officer.

    b. He is a businessman who has started and sold multiple business in the medical field.

    c. At the request of Plaintiff, Mr. Orban and Defendant met in person in approximately 2017 so that Defendant could explain to Mr. Orban, and Mr. Oban could vet, a hospital deal that Defendant was working on and through which Defendant intended to use proceeds from the deal to repay Plaintiff the €300,000 invested.

    Estimated Direct:    30 minutes

    Estimated Cross-examination:    30 minutes

6. **Rajendra Amin** – Mr. Amin is the Notary Public that witnessed Defendant execute the Transaction-related documents identified as Plaintiffs' Exhibits Nos. 26 and 27 on March 17, 2011.

    Estimated Direct:    25 minutes

    Estimated Cross-examination:    25 minutes


NEWMEYER DILLION



**APPENDIX 4**

(DEFENDANT'S WITNESSES)

A. **Antoinette Hardstone**
115 Elderwood Drive
Pleasant Hills, CA

Ms. Hardstone will testify:

1. She is an experienced as an escrow officer at Commercial Escrow Services, Inc. with a specialty in "holding escrows".

2. She had done 5 or 6 transactions with Richard Wlodarczyk and Brad Russell of Creative Financial Resources, LLC prior to the subject transaction and they all involved holding escrows. She may have done one other transactions with Sebastian Anthonysamy prior to and one after the subject transaction. She never did any transactions with the Defendant nor did she talk with the Defendant as part of the subject transaction. She did not know who the Defendant was. None of the prior deals she was involved in with Creative Financial Resources, LLC., Mr. Russell or Mr. Wlodarczyk involved the Defendant. She had never met Plaintiff or been involved in any transactions with Plaintiff prior to the subject transaction. She had never met or had any prior transactions involving NACC prior to the subject transaction.

3. The two parties to the escrow were Plaintiff and Sebastian Anthonysamy who executed the escrow instructions. Wlodarczyk and Brad Russell were facilitators making sure all needed documents to the transaction were obtained and approved by Plaintiff.

4. Documents were deposited and escrow opened on or about February 23, 2010, and the purpose of the escrow was to assist Plaintiff in obtaining a financial instrument account SBLC.

5. The witness was providing to Plaintiff documents provided by Rik Wlodarczyk so she was communicating with Plaintiff. Plaintiff revised the escrow instructions to require both his oral and written authorization to release the escrow funds. On March 1, 2011, Plaintiff provided written and oral authorization to Ms. Hardstone and the funds deposited into escrow were released in accordance with the executed agreements. Escrow was closed and funds distributed in accordance with the Pay Order Request: €200,000 euros was wired to Sebastian



Anthonysamy, €80,000 euros to Creative Financial Resources, LLC, and €20,000 to ADPF Investments PTE Ltd.

6. Plaintiff accused the escrow officer of improperly releasing the escrow funds, a charge Ms. Hardstone denied.

Estimated Direct: 60 mins

Estimated Cross-examination: 45 mins

**B.    Stephen Cheikes**
1400 Lynburne Place, Suite 801
Victoria, British Columbia, V9 B0A4

1. Mr. Cheikes is the Plaintiff. He will be cross-examined and/or called on direct examination as to his background and experience, the allegations alleged by him in the Complaint with respect to the investment opportunity, his understanding of the transaction, the documentation which was a part of the transaction, the escrow, his investigation, his actions and his contact with individuals, recovery of monies from suing third parties, declarations and discovery responses submitted to the courts in this dispute.

Estimated Direct: 3-4 hours

Estimated Cross-examination: 1.5-2 hours

**C.    Beth Chrisman** ~~Frank Hicks~~

~~17011 Beach Blvd., Suite 565~~ 444 W. Ocean Blvd, Suite 800

~~Huntington Beach, CA  92647 444~~ Long Beach, CA 940802

Qualifications: Ms. Chrisman is a certified and court-qualified forensic document examiner. She has been in private practice since 2006 and is certified by the International Association of Document Examiners and is active in various associations which regulate the study, training and examination of documents including signatures. She has appeared and been qualified to testify before the courts in the State of California and in Federal Courts. Ms. Chrisman's expert report has been exchanged and lodged with the Court.

Ms. Chrisman will testify:

1. As to her past background and experience as a forensic document examiner.

The identities, properties and characteristics of alleged signature(s) attributed to Shaman Bakshi appearing on the Distribution of Proceeds and Personal Guarantee Agreement dated February 23, 2011, the Agreement To Facilitate Loan Transaction dated March 11, 2011, the HSBC (UK) Standby Letter of Credit Issuance Agreement, as well select other documents and are all images of the same single signature manipulated and pasted on signature lines and at the corners of documents.

2. Based on the review of sample signatures of the Defendant, and the properties and characteristics in the signatures on documents in question and documents prepared as removed from the time frame of the questioned signature, in her opinion the challenged signature is not an image of the Defendant's original signature.

Estimated Direct: 60-80 mins

Estimated Cross-examination: 45 mins

**D.   Shaman Bakshi**

710 N. El Centro Avenue, #303

Los Angeles, CA  90038

Mr. Bakshi will testify as to his

1. Background and experience,

2. The introduction to Plaintiff and the single meeting that took place in California,

3. His interaction or lack of interaction with various individuals that were a party to the subject transaction.

4. Defendant was not a party to the escrow nor did he have any control as to the disbursement of any funds out of escrow.

5. Defendant realized no sums, directly or indirectly, that Plaintiff alleges in the Complaint to have been improperly taken or not returned.

6. That he did not sign the Distribution of Proceeds and Personal Guarantee Agreement or the Agreement To Facilitate Loan Transaction.

7. Separation from his wife in December 2010-January 2011, the subsequent divorce proceedings, child custody dispute, and formal divorce in 2013.

8. The hacking of his email account.

Estimated Direct: 2 hours depending on order called.

Estimated Cross-examination: 2-3 hours

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify* **AMENDED PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF SOLELY AS TO SUBSTITUTE EXPERT FOR DECEASED EXPERT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 1, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brad D Krasnoff (TR)**   BDKTrustee@DanningGill.com, krasnoff@ecf.axosfs.com;DanningGill@gmail.com
- **Jon N Owens**   nathan.owens@ndlf.com, sue.peterson@ndlf.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 1, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 1, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

|  | **FEDERAL EXPRESS**<br>Honorable Vincent Zurzolo<br>United States Bankruptcy Court<br>Central District of California<br>255 E. Temple Street<br>Suite 1360/Courtroom 1368<br>Los Angeles, CA 90012 |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 1, 2022 | Rolanda Mori | /s/ Rolanda Mori |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_LA:322719.1 07977/001